{¶ 37} I generally concur in the majority's analysis and disposition of this case. I am not yet persuaded a civil stalking protection order issued pursuant to R.C. 2903.214 (the Homicide and Assault Chapter of the Revised Code) is sufficiently analogous to a permanent injunction so as to render it always subject to modification or vacation. Nevertheless, I find the trial court had jurisdiction to modify or terminate the order without Appellant having pursued and/or satisfied the standard set forth in Civ. R. 60(B). Within the four corners of the order, the court retained the authority to change the order. Appellee did not challenge whether the trial court could retain jurisdiction to change the order via appeal.
 {¶ 38} I agree with the majority and the trial court Civ. R. 60(B) may be used to vacate all or part of a civil stalking protection order. I further readily agree there was sufficient evidence presented at the magistrate's hearing to support the trial court's decision not to vacate all or part of the order. Accordingly, I concur in the decision to affirm. *Page 1